# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| HENRY J. DOVER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-129 |
| CHARLES WILCOX, Warden, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Henry J. Dover has filed a 42 U.S.C. § 1983 complaint against his prison's warden for mistreating him on "work construction," during which he was sleep- and food-deprived, and inadequately compensated. Doc. 1 at 10. Had he not been mistreated in those and other ways, he "could've completed that program." *Id.* Hence, he had to "max [his] sentence out in prison," rather than reap early release with some money in his pocket. *Id.* at 11. He "want[s] th[is] court to bring Justice. Whatever the court decides should be done will be fine with me. I've always had to answer for my wrongs and I believe

everyone should be treated equally." *Id.* He claims he exhausted this claim. *Id.* at 10 ("I also put in a grievance and never got any response.").

Upon preliminary review,[1] plaintiff's complaint must be **DISMISSED**. At most Dover advances the deprivation of a liberty interest (to participate in a work release program) without due process. But there are only two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his liberty such that due process is required:

> "The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *See Sandin v. Conner*, 515 U.S. 472, 484, 115

---

[1] Dover proceeds *in forma pauperis* (docs. 3, 4 & 5), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). *Pro se* complaints are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see, e.g., Vitek v. Jones*, 445 U.S. 480, 492–93, 100 S.Ct. 1254, 1263–64, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300; *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory 'good-time credits' without due process); *cf. Dudley v. Stewart*, 724 F.2d 1493, 1497–98 (11th Cir.1984) (explaining how the state creates liberty interests). In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

*Dukes v. Osborne*, 2013 WL 5493204 at * 1 (M.D. Ala. Sept. 30, 2013).

Dover raises no viable claim here:

To the extent that O.C.G.A. § 42–5–59 [Georgia's work-release statute] creates any type of interest in prison employment programs and Defendant has denied Plaintiff access to those programs, relief based on the Due Process Clause is unavailable because Plaintiff is not subject to confinement that exceeds his sentence in a manner that triggers the Due Process Clause of its own force or that is atypical or imposes a significant hardship. *See Dominique v. Weld*, 73 F.3d 1156, 1161 (1st Cir. 1996) ("[W]ithdrawal of work release privileges did not meet Sandin 's threshold test of working a 'significant and atypical hardship in relation to the ordinary incidents of prison life.' While we may regret the disappointment and frustration inherent in such withdrawal, the hardship was not 'atypical.' " (citation omitted).

*Castaneira v. Owens*, 2013 WL 4011069 at * 3 (N.D. Ga. Aug. 2, 2013).

Given the patent baselessness of Dover's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Dover to pay his filing fee. His furnished PLRA paperwork reflects $0.00 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to his account, then forward

those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 14TH day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA